UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUVONTE T. HUFF,

    Plaintiff,

v.                                      Case No. 3:21cv727-LC-HTC

ESCAMBIA COUNTY JAIL,
OFFICIAL INIGUEZ,
OFFICIAL BIERMAN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Juvonte T. Huff initiated this action by filing a *pro se* civil rights complaint purporting to bring claims under 42 U.S.C. § 1983 for various constitutional deprivations. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

On May 19, 2021, the Court ordered Plaintiff to submit two (2) service copies of the complaint (ECF Doc. 1), or, alternatively, to submit prepayment for the clerk to provide copies at $0.50 per page. ECF Doc. 5. The deadline to do so passed, and Plaintiff did not submit any service copies or prepay for copies to be made.

Thus, on June 10, 2021, the Court gave Plaintiff an additional fourteen (14) days to show cause why his case should not be recommended for dismissal for failure to prosecute or comply with a Court order. ECF Doc. 7. Plaintiff's deadline to respond to the Court's show cause order has passed, and Plaintiff has failed to show why the undersigned should not recommend his case for dismissal.

Additionally, it appears that Plaintiff may not have received the Court's show cause order (ECF Doc. 7), as it was returned "Undeliverable" and "Unavailable to Forward" despite being sent to the address provided by Plaintiff.[1] ECF Doc. 8. As set forth in the Court's Notice to *Pro Se* Litigant, it is Plaintiff's obligation to notify the Court of changes to his address. ECF Doc. 3. Plaintiff has not done so here. Because the Court does not have a good address for Plaintiff, the issuance of any further orders seeking compliance would be futile.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim if the plaintiff fails to prosecute it. Fed. R. Civ. P. 41(b); *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may . . . dismiss a claim . . . ."). "The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue

---

[1] A query of the Florida of Department of Corrections Inmate Locator does not identify a new institutional address for Plaintiff. Thus, it appears Plaintiff has been released from FDOC custody and may no longer be interested in prosecuting this action.

Case No. 3:21cv727-LC-HTC

delays in the disposition of pending cases . . . [o]n the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).[2]

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

2. The clerk be directed to close the file.

Done at Pensacola, Florida, this 30th day of June, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

Case No. 3:21cv727-LC-HTC